**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Jesus Moreno Flores, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3925 |
| | § | |
| Todd Blanche, *et al.*,[1] | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jesus Moreno Flores is a native and citizen of Mexico who concedes that he entered the United States unlawfully in 2006. Docs. 1 ¶ 14, 7 at 2, 8 at 2. In April 2026, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), and he remains in the custody of Respondent, Warden of the Houston Contract Detention Facility in Houston, Texas. Docs. 1 ¶ 17, 1-1, 7 at 2, 8 at 3. Petitioner has since been served with a Notice to Appear that charges him as an alien present in the United States who has not been admitted or paroled and as an immigrant not in possession of a valid entry document. Docs. 7-1 at 1, 8 at 3. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) substantive due process; (ii) procedural due process; and (iii) the Suspension

---

[1] The Petition names Bret Bradford in his official capacity as Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. *See* Doc. 1. Because Mr. Bradford ceased to hold office while this action remained pending, the Court substitutes his successor's name, Patrick Contreras. Fed. R. Civ. P. 25(d). The Clerk of Court is DIRECTED to update the docket sheet accordingly.

Clause of Article I of the Constitution.

Now before the Court is Respondents' Motion to Dismiss and, in the Alternative, for Summary Judgment, Doc. 7, to which Petitioner has responded in opposition, Doc. 8. Respondents maintain that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See* Doc. 7; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

2

**SIGNED** at Houston, Texas, on the 24th of July, 2026.

_____

Nicholas J. Ganjei
United States District Judge